United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 27, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

05-60582

---

GERALD CARROLL, individually and on behalf
of his minor child, Nicholas Carroll;
KIMBERLY PIZZUTO; ROBERT PIZZUTO; ROBERT
PIZZUTO, JR; KYLE MORAN; ET AL,

                                        Plaintiffs-Appellants,

                      v.

FORT JAMES CORP, as the Successor-In-Interest
of Crown Zellerbach Corporation,

                                        Defendant-Appellee.

---

Appeal from the United States District Court for the
Southern District of Mississippi, Gulfport

---

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The appellants challenge the lower court's dismissal of their suit on several grounds. First, they dispute the court's ruling that they failed to plead fraud with sufficient particularity. Second, they argue that the court abused its discretion in denying their motion for leave to amend. Third, they argue that the court dismissed several tort claims *sua sponte* without providing adequate fairness to the parties. We AFFIRM in part, and REVERSE in part.

## I. A BRIEF HISTORY OF THE CASE

This case concerns a 78-acre tract of land located outside Poplarville, Mississippi, in an area known as "Serenity Lane." The property was owned between 1963 and 1984 by Crown Zellerbach Corporation ("Crown Zellerbach"), and later passed to appellee Fort James Corporation ("Fort James"). Fort James sold this land in 1990 to a developer who proceeded to subdivide the property for home sites. The present appellants are homeowners who eventually bought these sites. They allege that Crown Zellerbach once used the land as a dump for hazardous waste, and that neither Crown nor Fort James, its successor-in-interest, ever adequately disclosed this fact to the appellants. The appellants maintain that the contents of the dump have begun to surface, and that they have suffered health consequences as a result.

The appellants filed their original complaint in Mississippi state court on October 31, 2003, alleging eleven claims against Fort James. The first of these was a fraud claim. The appellants refer to the remaining ten claims collectively as "traditional tort claims."[1] After removing the case to federal court, the appellee

---

[1]The ten remaining claims were: Failure to Warn, Intentional and/or Negligent Infliction of Emotional Distress, Nuisance, Trespass, Injunctive Relief, Strict Liability, Negligence, Unjust Enrichment, Medical Monitoring, and Punitive Damages. Three of these claims—Unjust Enrichment, Medical Monitoring, and Strict Liability—were later dismissed by way of a separate motion, and they are no longer at issue. Our discussion of the traditional tort claims is limited to the seven remaining claims.

moved to dismiss the fraud claim or, in the alternative, to require appellants to replead that claim with greater specificity pursuant to Rule 9(b). The district court granted the appellants leave to amend their pleading accordingly.

On November 17, 2004, the appellants filed their First Supplemental and Amending Complaint. The appellants included in this new complaint several new paragraphs about their fraud claim. They also added a new claim for "Testing," which would require the appellee to conduct appropriate environmental tests of the land in question. In addition, this First Supplemental and Amending Complaint purported to "reurge and reallege all of the allegations as set forth and contained in their original complaint as if copied herein in extenso and in toto." The First Supplemental and Amending Complaint did not actually spell out these earlier claims, but the appellants argue that this language clearly incorporates the traditional tort claims from the original complaint.

Fort James moved to dismiss the fraud and testing claims pursuant to Rule 12(b)(6). That motion was granted on April 12, 2005. The court issued an order giving its reasons for dismissing the fraud and testing claims, and ultimately concluded that the appellants' case was dismissed. The court made no specific reference anywhere in the order to the seven additional tort claims remaining from the original complaint. The parties immediately disagreed—and still do—about the effect of that dismissal on those earlier claims.

3

Appellants filed a motion pursuant to Rule 59(e) and Rule 60 arguing that the court either overlooked the traditional tort claims or, in the alternative, that they were dismissed *sua sponte* without providing adequate notice to the parties, and should be reinstated. Appellee responded that the First Supplemental and Amending Complaint actually superseded the original complaint, and that the appellants' attempt to incorporate all earlier allegations by reference was void, and that the appellants had effectively abandoned their traditional tort claims. The district court denied the appellants' post-dismissal motions in a brief order that did not clarify that court's view of the issue. This appeal followed.

There are several issues now before us. First, we consider whether the appellants pled their fraud allegation with enough specificity to satisfy Rule 9(b). Second, we consider whether the district court abused its discretion in denying the appellants' motion for leave to amend. Third, we turn to the incorporation by reference, and decide whether it validly preserved and presented the traditional tort claims included in the original complaint.

## II. STANDARD OF REVIEW

We review a dismissal pursuant to 12(b)(6) or 9(b) *de novo*. Herrmann Holdings Ltd. v. Lucent Technologies, Inc., 302 F.3d 552, 557 (5th Cir. 2002). The dismissal "will be upheld only if 'it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.'" Herrmann, 302 F.3d at 558

4

(citing U.S. ex rel. Thompson v. Columbia HCA/Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997)). We review denial of leave to amend a complaint for abuse of discretion. Herrmann, 302 F.3d at 558 (citing Lewis v. Fresne, 252 F.3d 352, 356 (5th Cir. 2001)). Finally, the validity of the incorporation by reference is purely a matter of law, so we consider it *de novo*. Af-Cap, Inc. v. Republic of Congo, 462 F.3d 417, 423 (5th Cir. 2006) (citations omitted).

## III. PLEADING FRAUD WITH PARTICULARITY

The appellants readily concede that they did not acquire their land from Fort James, that they never had any interaction with Fort James whatsoever, and that Fort James never made any affirmative misrepresentations to them. They assert, however, that Fort James' failure to disclose the alleged dumping was an omission constituting fraud. The district court reviewed the original and the First Supplemental and Amending Complaint,[2] and found that the appellants had failed to allege enough facts to satisfy the particularity requirements of Rule 9(b). We agree.

"At common law, misrepresentation made for the purpose of inducing reliance upon the false statement is fraudulent. But one who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under

---

[2]The court declined to consider the contents of the Second Supplemental and Amending Complaint. Consequently, our review of the fraud claim is limited only to the allegations contained in the first two documents.

a duty to do so." <u>Chiarella v. United States</u>, 445 U.S. 222, 227–28 (1980). Unfortunately for the appellants, they failed to allege any facts that, if true, would give rise to a duty of disclosure running from Fort James to them. At most, they have offered conclusory allegations that such a duty existed, and that Fort James breached it. Even if this were enough to satisfy Rule 12(b)(6), it is certainly not sufficient to satisfy the heightened particularity requirements of Rule 9(b).

Rule 9(b) requires that plaintiffs plead enough facts to illustrate "the 'who, what, when, where, and how' of the alleged fraud." <u>Williams v. Bell Helicopter Textron, Inc.</u>, 417 F.3d 450, 453 (5th Cir. 2005) (quoting <u>United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 903 (5th Cir. 1997)). "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." <u>United States ex rel. Riley v. St. Luke's Episcopal Hospital</u>, 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 9.03[1][b] at 9–18 through 9–19 (3d ed. 2003)). The appellants' two complaints clearly fail to indicate "the place in which the omissions should have appeared." <u>Riley</u>, 355 F.3d at 381. They allege no facts showing when, if ever, it was incumbent upon Fort James, which never had any dealings with these appellants, to disclose any

6

information to them at all, nor how Fort James should have done so. Therefore, we are satisfied that the appellants failed to make out a fraud claim that could satisfy Rules 12(b)(6) and 9(b), and we AFFIRM the district court's dismissal of that claim.

## IV. DENIAL OF THE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

While the motion to dismiss the First Supplemental and Amending Complaint was still pending, the appellants filed a new motion for leave to file a Second Supplemental and Amending Complaint. The court ordered the appellants to file the proposed Second Supplemental and Amended Complaint by April 4, 2005. The court did not receive the filing by that deadline, and on April 12, 2005, the court granted the appellee's motion to dismiss and judged all remaining pending claims moot, including the appellants' Motion for Leave to File a Second Supplemental and Amending Complaint. The appellants now argue that this denial of their Motion for Leave was an abuse of discretion.

Under Federal Rule of Civil Procedure 15(a), after a party has already amended its complaint once, it may amend again "only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." This standard "evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment . . . ." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). Nevertheless, leave to amend can be properly denied where

7

there is a valid justification.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (listing several such reasons).  The appellants do not dispute that mootness is a valid basis for denying leave to amend; they only argue that the court abused its discretion in this instance.

The district judge's order does not shed any light on the reasoning behind his decision, but we have repeatedly held that "[w]hen the reason for the denial is apparent," a court's failure to give reasons is "'not fatal to affirmance' if the record reflects 'ample and obvious grounds for denying leave to amend.'" Mayeaux v. Louisiana Health Svc. and Indem. Co., 376 F.3d 420, 426 (5th Cir. 2004) (citations omitted).  In this case, the grounds do appear ample and obvious.

The court was aware that the appellants had been attempting to draft a sustainable complaint against this appellee in one court or another since 2000.  This case began on October 31, 2003, roughly eighteen months before the district court ultimately dismissed the fraud claim.  During that time, the court granted the appellants leave to file a First Supplemental and Amending Complaint and instructed them to plead their fraud claim with greater particularity, but the amended complaint was still woefully inadequate.  When the appellants then requested leave to file a *Second* Supplemental and Amending Complaint, also for the purpose of bolstering their fraud claim, the court agreed to review the

8

proposed changes, but they were not presented to the court by the specified deadline. In light of this history, we do not believe that the district court abused its discretion in denying the appellants leave to file another amended complaint. We AFFIRM.

## V. THE VALIDITY OF INCORPORATION BY REFERENCE

In the first paragraph of their First Supplemental and Amending Complaint, the appellants purported to "reurge and reallege all of the allegations as set forth and contained in their original complaint as if copied herein in extenso and in toto." They did not actually spell out these earlier claims in the supplemental complaint.[3] The only claims specifically mentioned in the First Supplemental and Amending Complaint were the fraud claim, which appellants were attempting to plead with greater particularity, and a new claim for "Testing." When Fort James moved to dismiss the fraud and testing claims pursuant to Rule 12(b)(6), their motion made no mention of the traditional tort claims. Similarly, when the court granted that motion on April 12, 2005, its order specifically addressed the fraud and testing claims, but made no reference anywhere to the traditional tort claims. The appellants now argue that the court's action constitutes a *sua sponte* dismissal without adequate fairness to the

---

[3]As noted earlier, there were seven total claims, referred to collectively by the appellants as "traditional tort claims," that were still viable at the time the First Supplemental and Amending Complaint was filed. These are: Failure to warn, Intentional and/or Negligent Infliction of Emotional Distress, Nuisance, Trespass, Injunctive Relief, Negligence and Punitive Damages.

9

parties.  We agree with the appellants, and therefore REVERSE.

The Federal Rules of Civil Procedure specifically allow for incorporation by reference in supplemental pleadings.  Rule 10(c) reads: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion."  See also King v. Dogan, 31 F.3d 344, 356 (5th Cir. 1994) (noting that amended complaint supersedes original complaint and renders it of no legal effect "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading") (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985)).  The appellees note, however, that there is a body of persuasive precedent indicating that such incorporation must be done "with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation."  Wolfe v. CharterForest Behavioral Health Sys., Inc., 185 F.R.D. 225, 228–29 (W.D. La. 1999)); see also 5 CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE: Civil 2d § 1326 ("[R]eferences to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation."); Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 17 (1st Cir. 2003) (same); Heintz & Co. v. Provident Tradesmans Bank & Trust Co., 29 F.R.D. 144 (E.D. Pa. 1961) (same).

We have no reason to disagree with these courts on the

10

principle at issue, but in this case we believe that the clause was sufficiently specific, and the pleading history of the case sufficiently simple, that the appellee could "easily determine the extent and nature of the incorporation." Wolfe, 185 F.R.D. at 229. Unlike in Wolfe, where the plaintiffs had amended their complaint three separate times, this clause was in the first amended complaint. Moreover, it was filed pursuant to the district court's instruction that appellants plead their fraud claim with greater particularity; its clear purpose was to satisfy the court's instruction and try to save the fraud claim, not to alter the other allegations in any way. We also note that the First Supplemental and Amending Complaint was on file with the court for months, during which time neither the appellee nor the court appears to have suggested the possibility that the blanket incorporation clause was void and that the appellants' seven tort claims were suddenly abandoned. There is also no indication in the record that either the defendant or the court was confused about the nature and extent of the incorporation. Accordingly, we hold that the incorporation by reference, though cumbersome, was nonetheless sufficient to provide the appellee with ample notice of the claims against it and is valid under Rule 10(c).

In light of this conclusion, we must also decide if the court's *sua sponte* dismissal of the incorporated claims was valid. As a general rule, a district court may dismiss a complaint on its

own for failure to state a claim. <u>Shawnee Intern., N.V. v. Hondo Drilling Co.</u>, 742 F.2d 234, 236 (5th Cir. 1984). However, we have previously noted that the district court can only dismiss an action on its own motion "'as long as the procedure employed is fair.'" <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)). We have further suggested that fairness in this context requires "both notice of the court's intention and an opportunity to respond." <u>Bazrowx</u>, 136 F.3d at 1054 (quoting <u>Ricketts v. Midwest Nat'l Bank</u>, 874 F.2d 1177, 1185 (7th Cir. 1989)). This is consistent with the view of three other circuits that district courts should not dismiss claims *sua sponte* without prior notice and opportunity to respond. <u>See, e.g.</u>, <u>Fredyma v. AT&T Network Systems, Inc.</u>, 935 F.2d 368 (1st Cir. 1991); <u>Thomas v. Scully</u>, 943 F.2d 259 (2nd Cir. 1991); <u>Smith v. Boyd</u>, 945 F.2d 1041 (8th Cir. 1991). In this case, the court provided the parties with no notice or opportunity to be heard as to the traditional tort claims before issuing its order of dismissal. It did not even so much as mention those claims in its order of dismissal, despite purportedly disposing of them. This treatment of the case did not provide adequate fairness to the appellants, and thus was reversible error.

### VI. CONCLUSION

Based on the foregoing analysis, we AFFIRM in part and REVERSE

in part, and REMAND this case to the district court for further action consistent with this opinion.