United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50736
Summary Calendar

STACEY W. BRACKENS,

Plaintiff-Appellant,

versus

TEXAS ROADHOUSE IN WICHITA, FRANCHIZES; TEXAS ROADHOUSE,
INC IN LOUISVILLE, KENTUCKY

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-1074
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Brackens, a <u>pro se</u> Afican-American male,
filed this suit because, while dining at a Texas Roadhouse
restaurant in Wichita, Kansas, the facility played the song
"Redneck Woman," and its employees danced to it.[1] Brackens
asserted that the song's use of the term "redneck" is racially
offensive to him because, as a black man, he can never be a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "Redneck Woman" was a hit country song by Gretchen
Wilson.

"redneck." The defendants filed a 12(b)(6) motion to dismiss, and it was referred to a Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b). The district court approved and accepted the Magistrate's Report and Recommendation and granted the defendants' 12(b)(6) motion to dismiss.

We review the district court's grant of a motion to dismiss under 12(b)(6) de novo. Carroll v. Ft. James Corp., 470 F.3d 1171, 1173 (5th Cir. 2006). On appeal, Brackens argues only that the district court failed to construe his complaint liberally. We disagree. In his complaint, Brackens asserted the following causes of action: (1) Title VII; (2) breach of contract; and (3) "unprofessional conduct causing public humiliation and mental anguish."

As to Brackens's Title VII claim, the district court noted that this federal statute only applies to employment discrimination and that Brackens is not an employee of the defendants; therefore, it liberally interpreted plaintiff's claim as one of race discrimination pursuant to 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation. The court explained that 42 U.S.C. § 2000a was enacted to require that all patrons be admitted and served without discrimination; it was not designed, by contrast, to require places of public accommodation to cater to the musical tastes of all of its patrons.

Bracken next asserted that the defendant breached the implied contract that it, under Texas law,[2] had entered into with him. Specifically, he argued that he and his family became obligated to pay for their meals once they had ordered and eaten them; the defendant, he asserted, was obligated to serve the meal and refrain from playing offensive music during it. The district court correctly found that there was no valid contract between the parties, as the defendant never assented to an obligation to refrain from playing "Redneck Woman" during the plaintiff's meal. There can be no contract without assent. Southwell v. Univ. of the Incamate Word, 974 S.W.2d 351, 354-55 (Tex.App. 1998).

Finally, Bracken urged a claim for unprofessional conduct. Construing his complaint liberally, the district court interpreted this as a claim for the tort of outrage.[3] However, it found that the facts alleged by the plaintiff, even if true, were not "so

---

[2] The district court correctly notes that Texas substantive law applies in the instant case under Erie R.R. Co. V. Tompkins, 304 U.S. 64 (1938). Texas is the forum state, so its choice of law principles apply. Its choice of law principles provide that the state with the most significant relationship to the particular substantive issue will be applied. Fleetwood v. Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073 n.4 (5th Cir. 2002). But where there are no differences in the substantive law of the respective states there is no conflict and a court need not undertake a choice of law analysis. R.R. Mgmt. Co L.L.C. v. CFS La. Midstream Co., 428 F.3d 214, 222 (5th Cir. 2002). IN the instant case, the relevant states are Kansas and Texas, and their substantive laws do not differ.

[3] The district court correctly notes that Kansas law applies to this claim. Although the tort of outrage is similar under Texas and Kansas law, it differs in terms of damages. Because all of the events giving rise to the plaintiff's claim occurred in Wichita, Kansas law should apply under Texas choice of law principles.

outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society" as required by Kansas law. <u>Taiwo v. Vu</u>, 249 Kan. 585, 593 (1991).

In sum, we find that the district court liberally interpreted the plaintiff's complaint and see no error in its granting defendant's motion to dismiss under 12(b)(6). Therefore, we AFFIRM the ruling of the district court.