# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-11099
Summary Calendar

MARTIN MILTON MILLER, JR.

Plaintiff-Appellant

v.

RICHARD E WATHEN, Warden; DANNY HORTON, Warden; JAMES D
MOONEYHAM, Assistant Warden

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CV-136

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Milton Miller, Texas prisoner # 634502, appeals the dismissal of
his civil rights complaint against officials at the Allred Unit of the Texas
Department of Criminal Justice under 28 U.S.C. § § 1915(e)(2)(B)(ii) for failure
to state a claim. Miller does not argue on appeal, as he did in the district court,
that the defendants violated the Eighth Amendment when they left lights on
during security checks, responded unsatisfactorily to his grievances, and denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

him hot meals during an extended lock down. Nor does he argue that the defendants denied his free speech rights and access to the courts, which he alleged in his proposed second amended complaint. Those claims are therefore deemed abandoned. See Summers v. Dretke, 431 F.3d 861, 882 n.12 (5th Cir. 2006). Furthermore, Miller's argument that the district court's order that he file specific facts to support his claims conflicted with FED. R. CIV. P. 8 is unavailing. See Elliott v. Perez, 751 F.2d 1472, 1478 (5th Cir. 1986); see also Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999).

Miller correctly argues, however, that the district court abused its discretion when it denied him leave to file his second amended complaint as to his laundry claim. See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir.1997). Under FED. R. CIV. P. 15(a), Miller may, with the district court's permission, amend his complaint even though he had already amended it once. See Carroll v. Fort James Corp., 470 F.3d 1171, 1175 (5th Cir. 2006). Absent "any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, [should have been] freely given." Lowrey, 117 F.3d at 245.

Miller's proposed claim that the defendants violated his Eighth Amendment rights by refusing him constitutionally adequate means by which to launder his personal clothing was not futile. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)); cf. Green v. Ferrell, 801 F.2d 765, 771 (5th Cir. 1986). Moreover, Miller's motion to file a second amended complaint was not unduly delayed, dilatory, or the product of bad faith. Miller's original complaint was very specific but was rejected because the district court determined that it was overbroad. Miller used the district court's form to amend his complaint, but, as set forth above, the form instructed him to give only a short statement

of his claims with no legal argument. Miller filed his motion to amend less than a month after defendants filed their motion to dismiss, and he sought the amendment to correct the deficiencies the defendants pointed out in their motion to dismiss. Moreover, the defendants do not argue, nor does it appear, that Miller's proposed second amended complaint would have unfairly prejudiced their defense. See Lowery, 117 F.3d at 246. Accordingly, the district court's dismissal of Miller's laundry claim for failure to state a claim was premature and is therefore vacated. The case is remanded to the district court for further proceedings on that claim.

Miller's proposed second amendment to his complaint that the defendants violated the Americans with Disabilities Act, the Rehabilitation Act, and his Fourteenth Amendment rights, however, was futile. Miller did not assert that the defendants' purpose in denying him a bench in the recreation yard was to discriminate against people with back problems. See Delano-Pyle v. Victoria County, Texas, 302 F.3d 567, 574 (5th Cir. 2002). Miller offered no facts to support his due process claim. See Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997).

Although Miller referenced in his brief the denial of hot meals, he did not offer facts or law to support his claim. This court will not review an issue that is not adequately briefed. Andrews v. Collins, 21 F.3d 612, 632 (5th Cir. 1994); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court's dismissal of Miller's claims regarding the denial of a bench in the recreation yard and the dismissal of those claims that Miller did not raise on appeal or properly brief are affirmed.

VACATED and REMANDED in part; AFFIRMED in part.