# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 08-30281
Summary Calendar

LENA TURNER GAFFNEY, wife of; JAMES L GAFFNEY, III, on behalf of
the minors Amanda Rose Gaffney and Rebecca Ann Gaffney

  Plaintiffs-Appellants

v.

STATE FARM FIRE and CASUALTY COMPANY

  Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-7581

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lena Turner Gaffney and James L. Gaffney, on behalf of their minor children, Plaintiffs Amanda Rose Gaffney and Rebecca Ann Gaffney ("Plaintiffs"), appeal the district court's order dismissing, sua sponte, their case against State Farm Fire and Casualty Company ("State Farm") for failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

properly allege a right of action. For the following reasons, we vacate the district court's order and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In this case, arising in the aftermath of Hurricane Katrina, Plaintiffs Amanda Rose Gaffney and Rebecca Ann Gaffney, the minor children of State Farm policyholders James L. Gaffney, III and Lena Turner Gaffney, seek damages from State Farm pursuant to LA. REV. STAT. ANN. § 22:1220. Plaintiffs allege that on August 29, 2005, the winds of Hurricane Katrina damaged their family residence, which their parents owned and State Farm insured under a policy on which their parents were the named insureds. They further allege that State Farm, despite having been "presented with due proofs [sic] of claim of the windstorm damage" and documentation of the extent of loss to their parents' house, "failed to tender the limits of the coverages" for which their parents paid. Accordingly, they seek damages under LA. REV. STAT. ANN. § 22:1220(B)(5), which provides for the recovery of general and special damages by insureds when an insurer "[f]ail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." Plaintiffs further assert that they "are insureds under the policy issued by the defendant, being residents of the household of the named insured thereunder." State Farm disputes that Plaintiffs are "insureds" under the policy; it contends that only the named insureds—James and Lena Gaffney—are insureds under the policy, and that therefore only they could possibly maintain an action against it under § 22:1220(B)(5).

Plaintiffs filed their petition in the Louisiana Civil District Court for the Parish of Orleans on August 30, 2007. On October 30, 2007, State Farm successfully removed the case, on the basis of diversity, to the federal District Court for the Eastern District of Louisiana and filed its answer with that court.

On January 15, 2008, Plaintiffs moved to transfer venue, continue the trial date, and consolidate their case with one that their parents filed against State Farm seeking to recover insurance benefits from State Farm for the same damage to the residence alleged in the instant suit. State Farm opposed the motion. The district court, on February 7, 2008, after considering Plaintiffs' motion, sua sponte dismissed the case in a one-page order, finding that Plaintiffs have no right of action. Plaintiffs appeal the sua sponte dismissal of their suit.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's order dismissing Plaintiffs' case pursuant to 28 U.S.C. § 1291.

This court reviews de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). Sw. Bell Tel., LP v. City of Houston, 529 F.3d 257, 260 (5th Cir. 2008). We must construe the complaint in the light most favorable to the plaintiff, and we will affirm a 12(b)(6) dismissal only "if we determine that the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." Audler v. CBC Innovis Inc., 519 F.3d 239, 247 (5th Cir. 2008) (citation and internal quotation marks omitted). Because this case is in federal court based on diversity jurisdiction, we must follow Louisiana's substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Ashland Chem. Inc. v. Barco Inc., 123 F.3d 261, 265 (5th Cir. 1997).

## III. DISCUSSION

Before considering the merits of Plaintiffs' claims, we must first assess the propriety of the district court's sua sponte dismissal of Plaintiffs' case. This court has on numerous occasions recognized the inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim. See, e.g., Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006); Shawnee Int'l, N.V. v. Hondo Drilling Co., 742 F.2d 234, 236 (5th Cir. 1984). However,

this power is not unlimited. We have consistently held that a district court can dismiss an action sua sponte only "'as long as the procedure employed is fair.'" Carroll, 470 F.3d at 1177 (quoting Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)); see also 5B Charles Allen Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). Although we have stopped short of enunciating a bright-line rule, we have "'suggested that fairness in this context requires both notice of the court's intention [to dismiss sua sponte] and an opportunity to respond.'" Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 643 (5th Cir. 2007) (quoting Carroll, 470 F.3d at 1177).

Even if a district court fails to provide notice to the plaintiff prior to dismissal, however, we will affirm if the plaintiff has alleged his "best case" and the dismissal was otherwise proper. Lozano, 489 F.3d at 643; Bazrowx, 136 F.3d at 1054 (citing Jacquez v. Procunier, 801 F.2d 789, 792-93 (5th Cir. 1986)). We have recognized that "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." Jacquez, 801 F.2d at 792. Thus, in Jacquez, a case involving a § 1983 action, we directed the dismissal of the plaintiff's case after the plaintiff filed a deficient complaint that, in subsequent pleadings, he simply repeatedly claimed was adequate. Id. We cautioned, however, that "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." Id.

In the instant case, the district court denied Plaintiffs both notice that it might sua sponte dismiss their case and an opportunity to respond. The district court dismissed this case in an order addressing Plaintiffs' Motion to Transfer, Motion to Continue Trial Date and Other Dates, and Motion to Consolidate, which State Farm had opposed. There is no evidence in the record to suggest that the district court notified any party that it was considering dismissal, neither party briefed the issue, and Plaintiffs were not given an opportunity to

4

amend their complaint to cure any deficiencies that the district court thought warranted dismissal. Moreover, based upon the record before us, we cannot say that Plaintiffs, who were not given a chance to amend their complaint or file subsequent pleadings addressing the merits of their case, were able to plead their "best case."

## IV. CONCLUSION

The district court erred in dismissing Plaintiffs' case without prior notice and without providing Plaintiffs an opportunity to respond or plead their "best case." Therefore, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.