**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3607
_____

JEAN COULTER,
                                    Appellant

v.

UNKNOWN PROBATION OFFICER; EXTENDED STAY AMERICA;
COLLEEN MURPHY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 12-cv-02067)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2014
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Jean Coulter appeals pro se from the District Court's orders dismissing

her civil rights complaint brought pursuant to 42 U.S.C. § 1983, and denying her motion

for reconsideration brought pursuant to Fed. R. Civ. P. 59(e).  For the reasons set forth

below, we will affirm the District Court's orders.

Coulter, who was under the supervision of the Pennsylvania Board of Probation and Parole at all times relevant to the complaint, filed this action against Unknown Probation Officer ("Unknown Officer"), as well as Extended Stay America and its area manager for Southeastern Pennsylvania, Colleen Murphy ("Extended Stay defendants"). For over a year, Coulter had resided in an Extended Stay America property in Butler County, Pennsylvania. In 2011, she received permission to relocate to Philadelphia. Pursuant to this, she contacted defendant Murphy at Extended Stay America in Horsham, Pennsylvania. Coulter was ultimately denied housing at the Horsham Extended Stay, and was subsequently informed that she could no longer reside at the Extended Stay in Butler County.

According to the complaint, defendant Murphy refused Coulter residence at the Extended Stay America in Horsham based on "half-truths" and "out-right falsifications" told by Unknown Officer to Murphy. Unknown Officer allegedly represented to Murphy that he could not approve of the Horsham residence because the facility could not handle electronic monitoring, a restriction which Coulter averred was not a condition of her probation. Coulter further alleged that the defendants entered into a conspiracy to "impose added restriction on [her] residence." Coulter maintained that, by their actions, defendants forced her to live in Western Pennsylvania, violating her rights to due process and fundamental housing, as well as restricting her freedom of association.

The District Court construed the complaint liberally as stating the following claims: (1) a Fourteenth Amendment right to housing claim; (2) a housing discrimination

claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.; (3) a First Amendment right of association claim; (4) a Fifth and Fourteenth Amendment right to substantive due process claim; (5) criminal conspiracy; and (6) a Sixth Amendment right to a fair trial claim. Initially, the District Court noted that the complaint could be dismissed with respect to Extended Stay defendants because they were private parties and Coulter had failed to allege sufficient facts to demonstrate they were acting on behalf of, or in concert with, a state actor. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."). Nevertheless, the Court concluded that, even assuming these defendants were state actors, the complaint was subject to dismissal because Coulter failed to state a valid claim for relief. Accordingly, the District Court, acting on Extended Stay defendants' motion to dismiss pursuant to Rule 12(b)(6), and, in part, acting sua sponte, dismissed the complaint as to all defendants. A subsequent motion for reconsideration was denied, and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

3

We agree with the District Court that the complaint wholly failed to state any facts giving rise to a plausible inference that Extended Stay defendants, a private corporation and its employee, acted under color of state law or conspired with Unknown Officer, an alleged state actor, to deprive Coulter of her constitutional rights. According to the amended complaint, defendant Murphy initially indicated Coulter would be welcome at the Horsham Extended Stay, but that Murphy could not sign a "Home Provider Letter" until a lease was signed. After Coulter arranged for inspection by probation officials, she was informed that the lease would not be signed because "Unknown Officer had 'rejected' her residence in Extended Stay" after determining the facilities were unequipped to handle electronic monitoring. Compl. at 4. Coulter alleged that the Extended Stay defendants conspired with Unknown Officer "to impose added restrictions" -- electronic monitoring -- to her probation. Coulter failed to substantiate this allegation. She appears to assume that, because defendant Murphy changed her mind about approving the lease after "discussions" with Unknown Officer, Extended Stay defendants conspired to violate her constitutional rights.[1] These conclusory allegations of conspiracy do not satisfy the plausibility standard of Rule 12(b)(6). See id. at 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss). Accordingly, the

---

[1] For example, in her brief on appeal, Coulter states that "as none of the 'consequences' commenced until after the discussions with Unknown Probation Officer occurred, it is a reasonable conclusion that the conversation was the cause of the injuries." Appellant's Br. at 25.

claims against Extended Stay defendants were properly dismissed. We will, therefore, review the claims only as they pertain to defendant Unknown Officer.[2]

In rejecting her FHA claim, the District Court determined that Coulter had failed to sufficiently allege that she was a member of a protected class, that she had applied for and was qualified for housing, and that housing opportunities remained available at that location. See Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1038 (2d Cir. 1979) (setting forth elements of an FHA claim). In particular, the District Court noted that "the basis for the rejection of [Coulter's] preferred place of residence" was because it could not handle electronic monitoring and thus she was "unqualified" to live at that particular location. On appeal, Coulter asserts that she was not subject to electronic monitoring, and, therefore, the District Court's dismissal of the claim was in error. Even assuming Coulter was qualified, however, she does not take issue with the District Court's

_____

[2] On appeal, Coulter challenges the District Court's authority to sua sponte dismiss the complaint against Unknown Officer. We have recognized that, after service of process, a district court noting the inadequacy of a complaint may, on its own, dismiss it for failure to state a claim provided it affords the litigant prior notice and an opportunity to respond. See Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990); see also Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006) (citing cases). While we need not decide the issue, we note that courts have upheld a district court's authority to sua sponte dismiss a complaint for failure to state a claim against a *non-moving* defendant where it was clear the plaintiff failed to state a claim for relief. See Wachtler v. Cnty of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994); accord Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Because, as the following discussion makes clear, the District Court properly dismissed the complaint based on grounds raised by Extended Stay defendants, but common to all defendants, and to which Coulter had an opportunity to respond, we find no merit to her argument.

conclusion that she failed to sufficiently plead the other elements of the FHA claim, nor do we find any basis for doing so.

Coulter also maintains that the District Court erroneously determined that defendant Unknown Officer had not violated her due process rights in imposing the electronic monitoring condition. Significantly, Coulter does not allege that she was actually subjected to electronic monitoring, which might implicate due process concerns. She merely alleges that Unknown Officer's false representations[3] to defendant Murphy resulted in her inability to obtain the housing of her choice and restrictions on her freedom of association. As the District Court noted, however, there is no constitutional right to housing of one's choice. See Lindsay v. Normet, 405 U.S. 56, 74 (1972). Moreover, although as a probationer, Coulter's right of association could be reasonably restricted, see United States v. Showalter, 933 F.2d 573, 575 (7th Cir. 1991), she failed to allege any facts which would suggest that her right was infringed. The right to "freedom of association" extends to "choices to enter into and maintain certain intimate human relationships." Roberts v. United States Jaycees, 468 U.S. 609, 617-18 (1984). Coulter's allegations that she was deprived of associations with "individuals who chose a more urban lifestyle" and the "religious and political affiliations" available to those in Eastern Pennsylvania are woefully insufficient to state a claim for relief. See Rode v.

---

[3] In addition to the allegedly false representation about electronic monitoring, Coulter insists that she was refused residence at Extended Stay America because of defendant Unknown Officer's "half-truths" and "out-right falsifications;" significantly, however, she never sets forth before the District Court the nature of the supposed "slander."

6

Dellarciprete, 845 F.2d 1195, 1205 (3d Cir. 1988) (noting that only personal relationships characterized by a high degree of selectivity and intimacy, "bound by blood," or devoted towards the "creation and sustenance of a family" may garner First Amendment protection).  Furthermore, we agree with the District Court that Unknown Officer's actions, as set forth in the complaint, do not "shock the conscience."  See Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) (noting that "only the most egregious official conduct" rises to the level of a substantive due process violation) (citation and internal quotation marks omitted).

Based on the foregoing, we will affirm the judgment of the District Court.  Finding no basis to alter or amend the judgment, we will also affirm the District Court's denial of Coulter's motion for reconsideration.