# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2014

Lyle W. Cayce
Clerk

ADONICA B. WELLS,

Plaintiff - Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the GSAMP Trust
2006-HE2 Mortgage Pass-Through Certificates Series 2006-HE2; OCWEN
LOAN SERVICING, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-00317

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Adonica B. Wells appeals the district court's dismissal of several claims against U.S. Bank National Association ("U.S. Bank") and Ocwen Loan Servicing ("Ocwen") in this wrongful foreclosure action. For the reasons stated herein, we affirm the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40347

I

Viewing the record in the light most favorable to the appellant, as we must for the purposes of this appeal, the relevant facts are as follows. Adonica Wells executed a deed of trust and note on November 30, 2005, for property located at 3511 West Ridge Lane, Manvel, Texas 77578. The deed of trust and note were subsequently transferred to U.S. Bank who became the lender for the deed. Ocwen was the mortgage servicing agent for U.S. Bank. In January of 2013, Wells defaulted on the mortgage due to a decrease in her anticipated monthly income as a registered nurse.[1] At that time, Wells applied for a modification of her loan.

In a written statement, Ocwen indicated that it would not move ahead with a foreclosure as long as Ocwen received all the required documents for the modification application and as long as Wells met the eligibility requirements. In February 2013, Ocwen offered Wells a shared appreciation modification which required that Wells submit certain documents, make an initial payment, and make a timely trial period payment. Wells asserts that the approved modification offer increased her mortgage payments significantly. Wells states that, as a consequence, she discussed filing another modification application with Ocwen. Wells claims that Ocwen orally represented that she would receive another modification application immediately. Wells states that after a delay and after making repeated requests, she finally received the second modification application and submitted it to Ocwen prior to the foreclosure sale date.

Wells asserts that throughout the processing of her modification applications, an Ocwen representative orally assured her that her home was

---

[1] In January 2013, Ocwen notified Wells by certified mail that she was in default on her loan. Tracking information from the United States Postal Service indicated that the mail was unclaimed.

not in jeopardy of foreclosure. In May 2013, Ocwen notified Wells in writing that her home would be sold in a foreclosure sale in July 2013. Wells's home was ultimately sold to U.S. Bank in a foreclosure sale in July 2013.

Wells filed the instant action in Texas state court, generally contesting the validity of the foreclosure on her home. U.S. Bank and Ocwen removed the case to federal court on the basis of diversity jurisdiction. The causes of action asserted in Wells's complaint included claims of wrongful foreclosure, common law fraud, and statutory fraud in a real estate transaction. U.S. Bank and Ocwen moved to dismiss Wells's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court converted the defendants' motion to dismiss Wells's wrongful foreclosure claim to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The district court granted summary judgment to the defendants for Wells's wrongful foreclosure claim and granted the defendants' motion to dismiss for the remaining claims in Wells's complaint. Wells pursues the instant appeal *pro se*.

## II

We review the district court's order granting summary judgment *de novo*, viewing all facts and evidence in the light most favorable to the non-movant. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 478 (5th Cir. 2008). Summary judgment is appropriate when, after considering the pleadings, discovery, and affidavits, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). The party opposing summary judgment is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

No. 14-40347

We also review the district court's order granting a motion to dismiss *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Warren v. Chesapeake Exploration, L.L.C.*, 759 F.3d 413, 415 (5th Cir. 2014). To survive a motion to dismiss, the plaintiff must present sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For claims of fraud, dismissal is appropriate where the plaintiff fails to state with particularity the circumstances constituting the alleged fraud. Fed. R. Civ. P. 9(b).

### III

On appeal, Wells contests the summary judgment dismissal of her wrongful foreclosure claim, contending for the first time that defects in the foreclosure proceedings caused the selling price to be grossly inadequate. Claims raised for the first time on appeal are generally not reviewed in the absence of "exceptional circumstances where injustice might otherwise result." *Carson Products Co. v. Califano*, 594 F.2d 453, 457 (5th Cir. 1979). Wells's conclusory allegation of a grossly inadequate selling price, even when considered on its merits, does not survive summary judgment given the absence of any evidence in the record to establish it as fact. We therefore affirm the district court's summary judgment dismissal of this claim.

Wells also argues that her claim of common law fraud was erroneously dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Wells states that she relied upon oral statements from an Ocwen representative instructing her to not make any payments until her second modification application was approved. Wells further asserts that the Ocwen representative communicated these instructions to her in bad faith. The district court found that Wells's allegations did not meet the specificity requirements for pleading a claim of fraud under Federal Rule of Civil Procedure 9(b). We agree.

"Rule 9(b) requires that plaintiffs plead enough facts to illustrate the 'who, what, when, where, and how' of the alleged fraud." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (internal quotation marks and citation omitted). To establish fraud under Texas law, the plaintiff must show that (1) the defendant made a material representation; (2) that representation was false; (3) the defendant knew the representation was false when it was made or the defendant made the statement recklessly without any knowledge of the truth and as a positive assertion; (4) the defendant intended for the plaintiff to act upon the representation; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff suffered injury as a result. *Anderton v. Cawley*, 378 S.W.3d 38, 56 (Tex. App. 2012). Upon review of Wells's complaint, we conclude that she has not met the pleading requirements for her claim of fraud. Accordingly, we affirm the district court's dismissal.

Lastly, Wells appeals the district court's dismissal of her statutory fraud claim under Federal Rule of Civil Procedure 12(b)(6). The district court concluded that the statute underlying this cause of action Texas Business and Commerce Code § 27.01 was inapplicable to Wells's allegations. We agree. Texas Business and Commerce Code § 27.01 applies to fraudulent statements made to induce a person to enter into a contract for the sale of land or stock. *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996, at *4 (Tex. App. July 29, 2009). The statute does not apply to loan transactions, such as the one at issue in this case, which are secured by land. *Id.* Therefore, this claim must fail.

We thus AFFIRM the district court's dismissal of Wells's claims.