# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30016

AMBER HAHMER ULRICH,

Plaintiff - Appellant

v.

CITY OF SHREVEPORT; TERRI SCOTT, in her individual and official capacities; JIMMY N. RAY; P. A. LAMOTTE,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-37

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

The plaintiff appeals from a final judgment dismissing her constitutional and state law claims arising out of an arrest for a crime that had already been prosecuted and dismissed. Because the plaintiff failed to allege that the defendants remaining in the case were responsible for her injuries, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30016

FACTS AND PROCEDURAL HISTORY

We recite the facts as alleged in Amber Ulrich's complaint, accepting them as true for purposes of our review. In June 2007, Detective Jimmy Ray of the Shreveport Police Department swore out an affidavit alleging that Ulrich committed battery on June 18, 2007. Detective Ray instituted prosecution in Shreveport City Court by issuing Ulrich a summons. Detective Ray "knew that child protection personnel . . . investigated the" battery and that at some point, Detective "Ray had been informed by Bossier Child Protection services that it had investigated the allegation and found no cause to proceed." The charges against Ulrich were dismissed in February 2008 after she paid administrative fees and completed "the City Attorney's probation or pre-trial diversion program."

According to Ulrich's complaint, at some point the Shreveport City Attorney and Detective Ray "sent the dismissed case to district court for prosecution by the Caddo Parish DA." That occurred even though Detective Ray "knew or should have known" that the case had already been dismissed through pretrial diversion. Further, Detective Ray was allegedly negligent by not determining "if the charge had been disposed of in the city court," and he failed to notify Caddo Parish that the case had been dismissed.

The complaint also alleges that the Caddo Parish District Attorney's office mailed a summons to Ulrich at an incorrect address on August 8, 2011, and then again on September 6, 2011. The second summons was issued "under the penalty of contempt for failure to appear." Individuals in the Caddo Parish District Attorney's office, knowing that Ulrich had not received either summons, requested a bench warrant on September 22, 2011, "for her alleged failure to appear in district court." The Caddo Parish District Attorney filed a bill of information on that same date, over two months after the expiration of the statute of limitations. In 2013, Ulrich was arrested in connection with the

No. 18-30016

2011 bench warrant.  About three weeks later, Ulrich was released and the charges dropped because she was "convicted in another jurisdiction."

In January 2014, Ulrich filed her initial complaint in the United States District Court for the Western District of Louisiana.  A third amended complaint was filed August 2015.  It established the final lineup of defendants. The defendants who were involved in the initial prosecution and then the later referral to Caddo Parish — loosely described as the City of Shreveport defendants, including Shreveport Detective Jimmy Ray and Shreveport Sergeant P.A. Lamotte — were dismissed by the court over Ulrich's objection in August 2016.  The defendants who actually brought the later charges and had her arrested, including the Caddo Parish District Attorney and Assistant District Attorneys Kenya Ellis and Jordan Bird, settled with Ulrich. The district court granted Ulrich and the Caddo Parish defendants' joint motion to dismiss on January 12, 2018.

On appeal, Ulrich challenges the dismissal of the Shreveport defendants. She seeks to reinstate claims under 42 U.S.C. § 1983 that her Fourth and Fifth Amendment rights were violated and separate state-law malicious prosecution claims against Detective Ray and the City of Shreveport.

## DISCUSSION

We review motions to dismiss *de novo.  Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 373 (5th Cir. 2014).  To survive a motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a plausible claim. *Id.* We accept all factual allegations in the

3

plaintiff's complaint as true, but we do not accept legal conclusions "couched as . . . factual allegation[s]." *Id.*

## I. Federal Claims Against Detective Ray

Ulrich claims that Detective Ray's transferring of her case to the Caddo Parish District Attorney subjected her to false arrest and double jeopardy, violating her Fourth and Fifth Amendment rights. She advances two primary arguments in support of her claims: Detective Ray should have informed the Caddo Parish District Attorney that the Bossier Parish child protection services ("Bossier Parish CPS") reviewed the incident and found no cause to proceed, and Detective Ray should have informed the Caddo Parish District Attorney that Ulrich had already been prosecuted for the same offense. But for Detective Ray's failure to inform the Caddo Parish District Attorney's office of those facts, Ulrich claims she would not have been arrested in violation of the Fourth Amendment nor subjected to double jeopardy.

Ulrich relies principally on *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018). There, we stated that a plaintiff states a "*Franks* violation" of Fourth Amendment rights "if (1) the affiant, in support of the [arrest] warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Id.* at 494 (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). In *Winfrey*, we found that an officer's omitting a witness statement that was contradicted by physical evidence, misstating the results of a test, and further omitting a witness's inconsistent statements, were sufficient to create a material issue of fact whether the officer acted knowingly, intentionally, or recklessly in procuring an arrest warrant. *Id.* Moreover, without the false or misleading statements and omissions, we held there was no probable cause to issue an arrest warrant. *Id.* at 496.

4

No. 18-30016

The facts in this case differ materially from those in *Winfrey*. The central problem for Ulrich is causation. The warrant for her arrest, which led to the alleged violations of the Fourth Amendment, was not issued for the battery case that Detective Ray sent to Caddo Parish. Instead, according to the complaint, the bench warrant was issued for Ulrich's failure to appear pursuant to the undelivered summonses. Detective Ray's sending the case to Caddo Parish was not directly the basis for the bench warrant. In order to be liable under *Franks,* Detective Ray must have either "assisted in the preparation of, or otherwise presented or signed a warrant application." *Melton v. Phillips*, 875 F.3d 256, 263 (5th Cir. 2017) (en banc). Ulrich has not alleged that Detective Ray had any knowledge of or involvement with the Caddo Parish District Attorney's office's decision to seek a bench warrant. The same analysis applies to Detective Ray's alleged failure to disclose the Bossier Parish CPS investigation, since it was related to the battery offense but not the failure to appear. Ulrich has not pled that Detective Ray violated her constitutional right to be free from an unlawful arrest.

Ulrich also argues that Detective Ray's failure to inform the Caddo Parish District Attorney's office that the case had been dismissed pursuant to pretrial adjudication caused her to be subject to double jeopardy. Without deciding whether *Franks* extends to double jeopardy claims, we need only say that Ulrich has alleged simple negligence. She claims Detective Ray knew or should have known that the case was dismissed through pretrial diversion and failed to inform the Caddo Parish District Attorney's office of that fact. Elsewhere, Ulrich alleges that Detective Ray was "negligent in failing to determine" that Ulrich had already been prosecuted in Shreveport City Court. To allege a *Franks* claim, Ulrich had to plead that Detective Ray made a "knowing and intentional omission." *Id.* at 264. Her allegations of simple negligence fail to meet that standard.

5

No. 18-30016

Consequently, Ulrich's claim under Section 1983 of a Fifth Amendment violation by Detective Ray was properly dismissed.

## II. State Law Claims

The district court dismissed Ulrich's Louisiana state law claims.[1] The district court specifically found that Ulrich failed to name Detective Ray in her malicious prosecution claims, and that there was no underlying tortious conduct by any city employee.

We first address whether Detective Ray was named as a defendant for the state law claims.

### a. State Law Claim Against Detective Ray

Ulrich argues that she did make a claim against Detective Ray in her third amended complaint by incorporating by reference the first 50-plus paragraphs of her earlier complaint. Ulrich argues that when she wrote in her prior complaint that "City of Shreveport and City Attorney, through the acts of their subordinates, attorneys, [and] police officers . . . are liable unto Plaintiff," she was bringing a cause of action against Detective Ray individually. The defendants argue this same language shows she did *not* bring claims against Detective Ray in his individual capacity. A plaintiff is required, at a minimum, to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ulrich fails to allege that Detective Ray was

---

[1] Although Ulrich argues she appealed all dismissed state law claims, she briefs only her malicious prosecution claims against Detective Ray and the City of Shreveport itself. Any other state law claim is waived for the absence of briefing. *See N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 185 (5th Cir. 2003).

No. 18-30016

among those who maliciously prosecuted her. She therefore failed to state a claim against him for that tort.

#### b. *Amendment to Add State Law Claim Against Detective Ray*

Ulrich moved to file a fourth amended complaint to add a state law malicious prosecution claim against Detective Ray, a motion the district court denied. We review the decision to grant or deny leave to amend a complaint for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). Leave to amend a complaint should be freely given, unless there is delay, bad faith, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). The allegations Ulrich sought to add were not based on any new evidence. Ulrich had numerous opportunities to make her claims. The district court did not abuse its discretion when it denied Ulrich's request to amend her complaint for the fourth time.

#### c. *State Law Claim Against the City of Shreveport*

Ulrich claims that the City of Shreveport is liable under Louisiana law for malicious prosecution through *respondeat superior*, because the acts of the city employees caused her to be prosecuted in Caddo Parish. To state a claim under Louisiana law for malicious prosecution, a plaintiff must plead facts supporting the following elements:

> (1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff.

*Hope v. City of Shreveport*, 862 So. 2d 1139, 1143 (La. App. 2 Ct. 2003).

Ulrich argues that there was a prosecution initiated by the Caddo Parish District Attorney, and it was caused by Detective Ray and the City Attorney

7

No. 18-30016

sending the case file to Caddo Parish. Further, because the case against her was dismissed, it was a bona fide termination in her favor. The absence of probable cause allegedly comes from the Bossier Parish CPS's finding of "no cause on the same facts." Malice, she argues, can be inferred because without probable cause, the burden shifts to the defendant to show that the defendant did not act with malice. *Id.* Finally, Ulrich's damages included loss of liberty and income.

The City of Shreveport argues that Ulrich fails to allege facts sufficient to support the first and second elements of Louisiana malicious prosecution. The City first argues that because Caddo Parish instituted the prosecution, not Shreveport, the first element is not met. However, the first element of the test merely requires that there be a "commencement" of a proceeding. *Id.* The City cited no caselaw that the commencement of a prosecution must be made by the party sued for malicious prosecution.

Even if the first element was satisfied, Ulrich must also have alleged the City of Shreveport legally caused her prosecution. Ulrich's allegation rests solely on the referral of her case to Caddo Parish. However, legal causation in Louisiana requires more than a mere "but for" cause, and intervening actions on the part of another may break the chain of causation. *See, e.g.*, *Mitchell v. Villien*, 19 So. 3d 557, 572-73 (La. App. 4 Ct. 2009). In *Mitchell*, the court held that independent actions and an investigation by law enforcement were sufficient to break the causal chain on a false arrest claim against another defendant. *Id.* at 573. The court went even further, noting that although the defendant's "negligence instigated the criminal investigation, it was the independent actions and decisions of" another party that "resulted in the arrest and imprisonment of" the plaintiff. *Id.*

Though Ulrich alleges that the City of Shreveport referred the case for prosecution, she does not allege that the City or its agents made any

8

representations as to its merits.  Ulrich does not allege that the City of Shreveport or its agents removed anything from its casefile to induce Caddo Parish to prosecute Ulrich.  She specifically alleges that the Caddo Parish District Attorney filed a bill of information *after* the expiration of the statute of limitations.  Furthermore, the decision to prosecute, even if influenced by the City of Shreveport or its agents, was made by the Caddo Parish District Attorney's office.

Because Ulrich's complaint alleges multiple intervening acts, including an independently negligent act by the Caddo Parish District Attorney, we find that Ulrich has failed to allege that the City of Shreveport legally caused the Caddo Parish District Attorney to commence prosecution.  Ulrich failed to state a malicious prosecution claim against the City of Shreveport.

AFFIRMED.