# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 10-10439
Summary Calendar

Lyle W. Cayce
Clerk

LUREA HORNBUCKLE

Plaintiff-Appellant

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE CO;
BANK OF AMERICA NATIONAL ASSOCIATION

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-cv-00065-A

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10439

Lurea Hornbuckle ("Hornbuckle"),[1] proceeding pro se, appeals the district court's dismissal of her motion for a temporary or permanent injunction.[2] Though neither the original motion nor her brief on appeal clarifies the precise nature of her claims, Hornbuckle essentially objects to the judicial foreclosure of her property located in Arlington, Texas (the "property"). Hornbuckle has named Massachusetts Mutual Life Insurance Company and Bank of America National Association as defendants ("Defendants").

In their response to this motion, Defendants provided the district court with evidence that the instant case represents Hornbuckle's second attempt to enjoin the judicial foreclosure of her property. On September 24, 2007, Hornbuckle brought suit in Texas state court, seeking damages and a decree enjoining the foreclosure sale of the property. Defendants sought summary judgment on all of Hornbuckle's claims, as well as on judicial foreclosure counterclaims they had raised in the action. On December 29, 2009, the court granted summary judgment, dismissing Hornbuckle's claims with prejudice and granting the relief requested by Defendants. Hornbuckle then appealed to the Second Court of Appeals of Texas.

Hornbuckle then filed a second action in state court, which involves the same parties and is related to the same subject matter as the first action. This second case was then removed to the federal system and serves as the basis for this appeal.

---

[1] Plaintiff Lurea Hornbuckle ("Lurea") purports to represent the estate of her deceased husband, William Hornbuckle, Sr. ("Estate"), in this action. For clarity, however, the court in this opinion will refer only to Lurea.

[2] The document is titled, "Plaintiffs Motion for Hearing and Subpoena Deces [sic] Tecum and Temporary Injunction or Permanent Injunction to Allow Courts Judgment or Order Substitute Trustee Notice of April 6, 2010 Sale of Plaintiffs Property is Deceptive Fraud and Defective No Lender."

No. 10-10439

Given the confusing nature of the allegations in the second petition, Defendants filed a Motion for More Definite Statement in order to obtain clarification of Hornbuckle's claims. The district court granted the motion, noting that Hornbuckle's allegations were "vague, confusing, ambiguous, and insufficient to give defendants notice of the claims and causes of action against them." Hornbuckle then moved for a temporary or permanent injunction, which the district court denied. The district also dismissed with prejudice, *sua sponte*, all remaining claims raised by Hornbuckle in this case. The district court indicated that, after reviewing all of the documents submitted by Hornbuckle, it saw "no possible way for plaintiffs to prevail on their claims now before the court." The district court dismissed Hornbuckle's claims with prejudice. Hornbuckle now appeals.

A district court has inherent authority to dismiss a complaint *sua sponte* for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The procedure employed in dismissing the claims, however, must be fair, which generally means both notice and an opportunity to respond are required. *Id.* But if, under the circumstances, plaintiff has had a fair opportunity to make his case and had reason to know the deficiency of his allegations, the court may dismiss the claims without prior notice. *See Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 643 (5th Cir. 2007). Such is the case here.

The district court granted Defendants' motion for a More Definite Statement after finding Hornbuckle's allegations to be "vague, confusing, ambiguous, and insufficient to give defendants notice of the claims and causes of action against them." Hornbuckle did file a subsequent supplemental motion, but it was similarly deficient and failed to remedy the deep flaws in her initial pleadings. Since Hornbuckle was on notice that the court regarded her pleadings as insufficient and had the opportunity to further clarify, the *sua*

No. 10-10439

*sponte* dismissal of her claims was within the district court's discretion. Consequently, the district court did not err in dismissing her claims *sua sponte*.

This court notes, moreover, that Hornbuckle's brief on appeal fails to comply with Federal Rule of Appellate Procedure 28, which dictates the format for appellate briefs. FED. R. APP. P. 28. Although this court liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve their arguments on appeal. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Otherwise, the appeal may be dismissed as frivolous. In this case, the brief is grossly non-compliant with Rule 28, such that it fails even to put this court on notice of the issues on appeal. In particular, Hornbuckle's brief is wholly devoid of any reference to the record; it fails to adequately cite authorities supporting its legal contentions; it fails to state the issues presented for review; it lacks a summary of the argument; and it fails to state the applicable standard of review for each issue purportedly appealed. As a result, Hornbuckle has failed to preserve any appealable issues for review. This appeal is rightly regarded as frivolous and, as such, may be dismissed summarily.

This court also warns Hornbuckle that repetitive filings of frivolous claims regarding the same subject matter constitutes abuse of judicial process, for which a court may impose monetary sanctions. *See* FED. R. APP. P. 38; FED. R. CIV. P. 11. For this reason, Hornbuckle would be well advised to cease filing frivolous claims in a multitude of courts against the same parties and regarding the same subject matter.

For these reasons, we dismiss this appeal and affirm the district court's dismissal of Hornbuckle's claims with prejudice.

**AFFIRMED**.