# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10070
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2014

Lyle W. Cayce
Clerk

LUREA HORNBUCKLE,

Plaintiff-Appellant

v.

BANK OF AMERICA NATIONAL ASSOCIATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-729

Before KING, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lurea Hornbuckle, proceeding pro se, appeals the district court's dismissal of her civil action, which raised numerous assertions concerning foreclosure proceedings involving property located in Arlington, Texas. Because Hornbuckle has not addressed the reasons for the district court's dismissal of her action, she has abandoned any challenge to that decision. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10070

*Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hornbuckle also appeals the district court's imposition of sanctions. A court's invocation of its inherent power to impose sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014) (internal quotation marks and citation omitted). In light of Hornbuckle's repetitive filings challenging the same subject matter, her actions met this standard, and the district court's $500 sanction did not constitute an abuse of discretion. *Id*. at 729-30. Accordingly, we AFFIRM the district court's judgment.

This court has previously warned Hornbuckle that "repetitive filings of frivolous claims regarding the same subject matter constitutes abuse of judicial process" and could result in sanctions. *See Hornbuckle v. Massachusetts Mut. Life Ins. Co.*, 399 F. App'x 863, 865 (5th Cir. 2010). Because Hornbuckle has not heeded this warning and has failed to brief any challenge to the reasons for the district court's dismissal of her instant action, a monetary SANCTION of $500 payable to the clerk of this court is IMPOSED. IT IS FURTHER ORDERED that Hornbuckle is BARRED from filing in this court or any court subject to this court's jurisdiction any pleadings until the sanction is paid in full, unless she first obtains leave of the court in which she seeks to file her pleadings. Hornbuckle is WARNED that any future frivolous or repetitive filings regarding the same subject matter will subject her to additional and progressively more severe sanctions, as will the failure to withdraw any pending matters that are frivolous.