**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2014

Lyle W. Cayce
Clerk

No. 12-20658
Summary Calendar

PAMELA J. CONNERY/HAZELWOOD, doing business as Real Estate Innovations, Incorporated; REAL ESTATE INNOVATIONS, INCORPORATED,

Plaintiffs-Appellants

v.

JOHN L. NORSWORTHY, formerly doing business as Naturally Resourceful Software, also known as RE-Minder Software,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3563

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pamela J. Connery-Hazelwood appeals the judgment of the district court dismissing her state law claims against John L. Norsworthy for lack of subject matter jurisdiction. Because she does not address the district court's determination that it lacked diversity, supplemental, or federal question

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20658

jurisdiction over the claims, she has abandoned any challenge to the jurisdictional ruling. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir.1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9)(A).

To the extent Connery-Hazelwood seeks to challenge the district court's sua sponte dismissal of her copyright claim against Norsworthy, we previously affirmed that decision. *Real Estate Innovations, Inc. v. Houston Assoc. of Realtors, Inc.*, 422 F. App'x 344, 351-52 (5th Cir.), *cert. denied*, 132 S.Ct. 249 (2011). Our determination that the dismissal was proper is law of the case. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Although Connery-Hazelwood contends that Norsworthy was not a party to the case at the time because the district court administratively closed the case in June 2008 due to the automatic stay in a bankruptcy case filed by Norsworthy, her argument is not supported by the record or the law. The automatic stay lifted in August 2008 when the bankruptcy court granted a discharge, *see* 11 U.S.C. § 362(c)(2), and the district court had the authority to reinstate the case against Norsworthy on its own motion. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). More than a year after the bankruptcy stay was lifted, the district court expressly dismissed the copyright claim against Norsworthy.

The judgment of the district court is AFFIRMED.