**Lynne WOLFE, Richard Wolfe, and John Zachary**

v.

**CHARTER FOREST BEHAVIORAL HEALTH SYSTEMS, INC.**

No. Civ.A. 96–1301.

United States District Court, W.D. Louisiana, Shreveport Division.

Feb. 22, 1999.

Pamela R. Jones and Curtis Mitchell, Jones, Mitchell & Burch, Shreveport, LA, for plaintiffs Lynne Wolfe, Richard Wolfe and John Zachary.

John R. Broadwell, Sabrina Skeldon, Assistant U.S. Attorney, Dept. of Justice, Shreveport, LA, for U.S.A. ex rel. plaintiff.

Ansel Martin Stroud III, Blanchard, Walker et al, Shreveport, LA, Bradford A. Berenson, Robert Fabrikant and Paul E. Kalb,

Sidley & Austin, Washington, D.C., L. Edwin Greer, Shreveport, LA, for defendant Charter Forest Behavioral Health Systems, Inc.

### MEMORANDUM RULING

STAGG, District Judge.

Before the court are two motions. The first is a motion filed by Lynne Wolfe, Richard Wolfe, and John Zachary (hereafter, collectively referred to as "Plaintiffs") urging this court to enter a final judgment pursuant to FRCP 54(b). The second is a motion filed by Charter Forest Behavioral Health Systems, Inc. ("Charter") requesting the court to render a final judgment in its favor. For the reasons assigned, Charter's motion is **GRANTED** and Plaintiffs motion is **DENIED** as **MOOT**.

### I. BACKGROUND

On May 28, 1996, Plaintiffs brought this *qui tam* action pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. § 3279 *et seq.*, against Charter. Plaintiffs alleged that while they were employed by Charter they discovered that Charter filed false claims for various government payments. In their "Second Amending and Supplemental Complaint," Plaintiffs also alleged that Lynne Wolfe was terminated in retaliation for Plaintiffs' lawsuit (hereafter, referred to as "retaliation claim"). In response, Charter filed a motion to dismiss arguing that the *qui tam* provisions of the FCA are unconstitutional, that Plaintiffs failed to plead fraud with the degree of particularity required by Federal Rule of Civil Procedure ("FRCP") 9(f), and that Plaintiffs failed to state a claim under FRCP 12(b)(6). Charter also argued that Plaintiffs' "Third Supplemental and Amending Complaint," which did not contain the retaliation claim, superseded all previous complaints and effectively dismissed the retaliation claim.

Charter's motion to dismiss was referred to Magistrate Judge Roy S. Payne for a report and recommendation. On August 13, 1998, Magistrate Judge Payne rejected Charter's arguments that the *qui tam* provisions violated the constitution but concluded that Plaintiffs failed to state a claim pursuant to FRCP 12(b)(6) and 9(f). With regard to Charter's argument that Plaintiffs effectively dismissed their retaliation claim, Magistrate Judge Payne noted that while the third supplemental and amended complaint was not clear, he was inclined to give Plaintiffs the benefit of the doubt and preserve the retaliation claim. Over limited objections by both parties, this court adopted Magistrate Judge Payne's report and recommendation on October 29, 1998.

On November 6, 1998, Plaintiffs filed a motion urging this court to enter a final judgment pursuant to FRCP 54(b). In essence, Plaintiffs believe that they should be able to appeal the False Claims Act issues prior to entry of final judgment as to all of the claims raised in Plaintiffs' complaint. On November 19, 1998, Charter filed an opposition to Plaintiffs' motion. Charter, once again, argued that the retaliation claim was dismissed by the Plaintiffs' failure to restate or reference the retaliation claim in their "Third Supplemental and Amending Complaint." Charter believes that Plaintiffs are now using their motion for final judgment as "a backdoor mechanism, to preserve 'retaliatory discharge' claims that [Plaintiffs] never properly pled." Record Document 78. Therefore, in its opposition, Charter filed a motion requesting final judgment in its favor as to all claims asserted in this action. In the alternative, Charter believes that the court should deny Plaintiffs' motion for final judgment. In response, Plaintiffs argue that Charter is not entitled to a final judgment in its favor because it failed to object to the magistrate judge's finding that Plaintiffs' did not abandon their retaliation claim.

### II. Law and Analysis

**A. Jurisdiction.**

In 1976, Congress amended the Federal Magistrates Act ("FMA"), 28 U.S.C. § 636,[1]

---

1. 28 U.S.C. § 636(b)(1)(C) provides in pertinent part:

 [T]he magistrate shall file his proposed findings and recommendations ... with the court and a copy shall forthwith be mailed to all parties.

 Within ten days after being served with a copy, any party may serve and file written objections

to permit district judges to refer certain pretrial matters to a magistrate to conduct limited proceedings and to recommend dispositions. *See Thomas v. Arn*, 474 U.S. 140, 141, 106 S.Ct. 466, 468, 88 L.Ed.2d 435 (1985). The FMA provides that any party that disagrees with the magistrate judge's recommendations may demand *de novo* review by the district judge by timely filing written objections. *Id.*

 In this case, Plaintiffs argue that Charter's failure to object to the portion of the magistrate judge's findings regarding Plaintiffs' retaliation claim bars Charter from rearguing this issue to this court. Plaintiffs note that Magistrate Judge Payne's report and recommendation warned the parties that their failure to object would result in the forfeiture of certain appellate rights. Specifically, Magistrate Judge Payne's report provided:

> Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of the report and recommendation to file specific, written objections with the Clerk of Court.
>
> \* \* \*
>
> A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above ... shall bar that party, except upon the grounds of plain error, **from attacking on appeal** the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

Record Document 65 at 18 (emphasis added). Plaintiffs contend that Charter's failure to heed this warning precludes Charter from opposing the portion of the Magistrate Judge's report recommending that Plaintiff's retaliation claim be preserved.

In support of this argument, Plaintiffs cite *Nettles v. Wainwright*, which held that

> to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court

the failure of a party to file written objections to proposed findings and recommendations in a magistrate's report ... **shall bar the party from de novo determination by the district judge** of an issue covered in the report and shall bar the party from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice.

677 F.2d 404, 410 (5th Cir.1982) (emphasis added). Despite the court's explicit reference to additional review by the district court, a careful reading of the case reveals that the court was concerned with the failure of a party to perfect his right to **appeal** to the Fifth Circuit by not objecting to the conclusions of the magistrate. Therefore, the court does not find this case to be of particularly persuasive authority for Plaintiffs' position.

In *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), the Supreme Court held that the FMA and the Constitution permit the courts of appeal to adopt rules conditioning the right to appeal a district court's judgment that adopts a magistrate's recommendation upon the filing of objections to the magistrate's report. The Court went on to find that the FMA does not require the district court to review the magistrate report if no objections are filed. *See id.* at 150, 106 S.Ct. at 472. In reaching this decision, the Court noted that while the FMA "does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154, 106 S.Ct. at 474.

Although the language used by the court in *Nettles* tends to support the plaintiffs' argument, the affirmation by the Supreme Court in *Thomas v. Arn* of the district judge's continuing authority to manage the cases in his docket indicates to this court that Plaintiffs have placed undue reliance on *Net-*

> may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

*tles.* This undue reliance is highlighted by the fact that *Nettles* was overruled by the Fifth Circuit in *Douglass v. United Services Auto. Ass'n.,* 79 F.3d 1415 (5th Cir.1996). In *Douglass,* the court held:

> [W]e overrule the appellate forfeiture rule applied by Nettles and its progeny, and hold that a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served a with a copy shall bar that party, except upon the grounds of plain error, from attacking **on appeal** the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

*Id.* at 1428 (emphasis added). While the holding in *Douglass* was directed at substituting the "plain error *or* manifest injustice standard" announced in *Nettles* with a "plain error" standard, it should be noted that the court in *Douglass* omitted any reference restricting a district judge's ability to review a case before final judgment is rendered like that previously contained in *Nettles.*

■ It is beyond peradventure—assuming the proper procedural posture—that the district court can review a magistrate judge's report and recommendation even if a party fails to timely object.[2] The case at bar is squarely governed by FRCP 54(b) which provides in pertinent part:

> [A]ny order or other form of decision [rendered by the district court], however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and **the order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.**

(emphasis added) As the court's order adopting the magistrate judge's report and recommendation did not resolve all of the claims in this case, it remains subject to revision by this court. Therefore, while it would have been prudent for Charter to have filed timely objections to the magistrate judge's report and recommendation, the court is not without authority to consider Charter's complaints at this time.

### B. Plaintiffs Failed To Preserve Their Retaliation Claim

■ Charter argues that Plaintiffs' third supplemental and amending complaint, supersedes all previous complaints and effectively dismisses the retaliation claim because said claim was not specifically referred to in the amended complaint. While Charter is correct that an amended complaint supersedes the original complaint and renders it of no legal effect, the rules of civil procedure permit a party to adopt by reference parts of prior pleadings. FRCP 10(c) provides, in pertinent part, that "[s]tatements in a pleading may be adopted by reference ... in another pleading or in any motion." Plaintiffs argue that they specifically adopted all claims raised in prior complaints in paragraph 65 of their third supplemental and amended complaint. Paragraph 65 is a catchall provision which provides that

> Plaintiffs reincorporate, reaver and reallege the entirety of all allegations and prayers contained within the original complaint and amending and supplemental complaints as if set forth in their entirety herein.

Record Document 24 at 21. While this language is certainly all encompassing, it is not clear that it satisfies the requisites of Rule 10(c). While Rule 10(c) authorizes adoption by reference in later complaints, such adop-

---

2. Charter argues, *inter alia,* that it did not waive any arguments or rights because the report and recommendation did not include a specific recommendation that Plaintiffs be permitted to pursue their retaliatory discharge claim. Rather, Charter notes that Magistrate Judge Payne addressed this issue in a footnote and suggested that if Plaintiffs wished to pursue their retaliation claim they should schedule a conference with the magistrate judge. Therefore, Charter argues that the treatment of this issue in the magistrate judge's report makes it far from clear that the magistrate judge made a recommendation to which Charter could have been expected to formally object. While the court believes that the magistrate judge's recommendation was sufficiently clear, the court need not reach this argument because the court retains authority over this case regardless of whether Charter filed a timely objection.

tion must be done with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.

Although the Fifth Circuit does not seem to have directly addressed this issue, it has held that an amended complaint supersedes a prior complaint "unless the amended complaint **specifically** refers to or adopts the earlier pleading." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985) (emphasis added).

▮ In this case, Plaintiffs have filed four separate complaints. The first complaint, entitled "Complaint," is five pages long and contains paragraphs numbered one through 23. The second complaint, entitled "First Amending And Supplemental Complaint," is three pages long and contains a paragraph numbered 22(a). The second complaint contains an adoption clause which provides "Plaintiffs reiterate and retain all unaltered allegations in their original complaint and original prayer for relief." The third complaint, entitled "Second Amending And Supplemental Complaint," is three pages long and contains additional paragraphs numbered 24 through 27. This complaint also includes an adoption clause retaining all allegations in the "original and supplemental complaint." The fourth complaint, entitled "Third Supplemental And Amending Complaint," spans 22 pages, twice the length of the first three complaints combined. This fourth complaint renumbers the paragraphs, starting with one and ending with 65. As the fourth complaint realleges essentially all of the claims previously contained in earlier complaints, the court believes that it was reasonable for Charter to assume that the retaliation claim was dismissed. The only thing that could possibly save the retaliation claim is the broadly worded adoption clause—which is quoted *supra*—contained in the fourth complaint.

In this case, the court finds that the adoption clause contained in the fourth and final complaint lacks the specificity and clarity required by Rule 10(c).

Although there is no prescribed procedure for referring to incorporated matter, the references to prior allegations must be di-

rect and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation. A statement in a counterclaim that defendant "realleges all of the allegations contained in his amended answer," without greater specificity, has been held to be an insufficient designation of what matter was incorporated. Similarly, a sweeping allegation that "each statement and allegation in each count of this Complaint shall be considered as repeated and realleged and incorporated by this reference into any other count of this Complaint where such incorporation shall be or appear necessary to the validity of the cause of action or claim for relief therein stated" was held to be an ineffective incorporation.

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1326, at 759 (2d ed.1990) (internal citations omitted). *See also, Heintz & Co. v. Provident Tradesmens Bank and Trust Co.*, 29 F.R.D. 144, 145 (E.D.Pa.1961) (finding that Rule 10(c) requires "a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation"); *Federal National Mortg. Ass'n. v. Cobb*, 738 F.Supp. 1220, 1227 (N.D.Ind.1990) (finding that Rule 10(c) requires a later pleading to specifically identify which portions of a prior pleading are adopted); and *Lowden v. William M. Mercer, Inc.*, 903 F.Supp. 212, 216 (D.Mass.1995) (finding Rule 10(c) requires a later pleading to specifically identify portions of a prior pleading).

While Plaintiffs' adoption clause incorporated "all allegations and prayers" contained within all prior complaints, this, as a practical matter, gives little guidance to the responding party. The fourth complaint filed by Plaintiffs appears to restate Plaintiffs' entire case. In order to be certain not to miss a claim previously alleged, a responding party—not to mention the court—would have to sift through all of Plaintiffs' prior pleadings and compare them with the final complaint line-by-line. In order to avoid this confusion, Plaintiffs simply could have restated their retaliation claim or specifically referred to the prior complaint by stating that "Plaintiffs retain the claims alleged in paragraphs 24

through 27 in their second amending and supplemental complaint."

The court is mindful that Rule 10(c) was adopted to encourage pleadings that are short and free of unneeded repetition. The court does not believe, however, that the drafters intended the rule to allow the use of a sweeping adoption clause which serves as nothing more that a boiler plate "safety valve." To sanction such an aberrant, error-prone pleading formulation as employed in these pleadings would unnecessarily increase the risks of practicing law. Therefore, the court finds that Plaintiffs' retaliation claim was effectively dismissed because it was not properly incorporated into their final complaint. Charter's motion for entry of final judgment is **GRANTED.** In light of this ruling, Plaintiffs' motion filed pursuant to Rule 54(b) is **DENIED as MOOT.**