**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 52104**

| | | |
|---|---|---|
| **KEVIN KEITH BELL,** | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | **Boise, May 2025 Term** |
| **v.** | ) | |
| | ) | **Opinion Filed: July 14, 2025** |
| **STATE OF IDAHO,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **Respondent.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Rosemary Emory, District Judge.

The district court's decision is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Andrea Reynolds argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kale Gans argued.

_____

BRODY, Justice.

This case addresses the preservation of an argument challenging the summary dismissal of a petition for post-conviction relief. Kevin Keith Bell appeals the district court's denial of his motion to reconsider its summary dismissal of his petition for post-conviction relief. Bell was convicted of rape, witness intimidation, and one count of felony domestic battery. He subsequently filed a pro-se petition for post-conviction relief, alleging three general claims of constitutional error: (1) prosecutorial misconduct; (2) actual innocence; and (3) ineffective assistance of counsel. Through counsel, he later filed an amended petition, alleging three discrete instances of ineffective assistance of counsel. The amended petition stated that it was "supported by affidavits, filed contemporaneously herewith," as well as Bell's original petition, which was "incorporated herein by reference." The State moved for summary dismissal of Bell's amended petition, which the district court granted.

1

Bell then filed a motion for reconsideration, arguing the district court erred in summarily dismissing his amended petition because it did so on the ground that Bell had failed to provide legal argument to support his claims for ineffective assistance of counsel, a ground Bell contended was not raised by the State in its motion to dismiss. The district court denied the motion. On appeal, Bell contends the district court erred in denying his motion to reconsider and summarily dismissing his petition in its entirety because it did not provide him twenty days' notice, pursuant to Idaho Code section 19-4906(b), that the additional claims asserted in his original, pro se petition could be summarily dismissed. Bell further contends the district court erred in dismissing his claims for ineffective assistance of counsel because disputed issues of material fact existed regarding his trial counsel's failure to challenge a seated juror who was allegedly biased. For the reasons discussed below, we affirm the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This post-conviction action stems from two underlying criminal cases that were consolidated at trial. In the first case, the State charged Bell with three counts of felony domestic battery and one count of rape ("the domestic battery/rape case"), each against his wife. Bell was arraigned in September 2018, and the district court issued a no-contact order prohibiting Bell from contacting the victim. In October 2018, Bell had multiple contacts with his wife via telephone from the Twin Falls County Jail. The State subsequently charged Bell with felony influencing of a witness in a second case ("the witness influencing case"), alleging Bell "verbally encourag[ed his wife] not to testify and/or to change her testimony, in violation of Idaho Code [s]ection 18-2604." The State also filed a new case charging Bell with two counts of violating the no-contact order. Bell was subsequently found guilty of the no-contact order violations following a jury trial; those convictions are not challenged in this appeal.

In January 2019, a pretrial conference was held in the domestic battery/rape case simultaneously with Bell's arraignment in the witness influencing case. At that time, the State moved to join the two cases. Bell's trial counsel stipulated to the joinder. The joined cases were then tried before a jury, and the jury found Bell guilty of one count of felony domestic battery, rape, and influencing the witness. The district court sentenced Bell to an aggregate term of twenty years, with ten years fixed; the sentence was later affirmed on direct appeal by the Idaho Court of Appeals in an unpublished opinion. *State v. Bell*, Nos. 46975/47018/47019, 2020 WL 5511238, at *1 (Idaho Ct. App. Aug. 31, 2020) (unpublished).

2

Bell filed a pro se petition for post-conviction relief ("the original petition"), alleging three general claims of constitutional error at trial. Bell first argued that the prosecutor committed misconduct by relying on testimony from Bell's wife that Bell alleged the prosecutor knew was false. Second, he argued he was actually innocent of the rape charge because his wife had made "clear and documented efforts . . . to tell the truth that [a] rape never happened" and "admitted to falsifying the protection order to get me out of the house[.]" Finally, Bell alleged he received ineffective assistance of counsel based on what he argued were three different instances of ineffective representation:

(1) failure to strike (a) an allegedly biased juror whom Bell identified and claimed was "very good friends" with one of his ex-girlfriends and the sister of a man Bell had supervised and assisted in firing, and (b) a second juror with whom Bell allegedly "spent . . . one night together";

(2) failure to "put in the effort to build a defense" by not seeking to admit the entirety of the recorded phone conservations Bell had with his wife, which Bell alleged would have exonerated him from his domestic battery and rape charges; and

(3) an allegation that his trial counsel "smelled like alcohol and would doze off frequently" during their meetings.

Bell attached several documents to his original petition in support of his claims. The first was a form document entitled "Affidavit of Facts in Support of Post-Conviction Petition," which did not include the name of the affiant but instead stated "see attached affidavits herein specified" and noted "Exhibits A & B" were from Bell's wife and "Exhibits C, D, E, & F" were from his father. At the end of the form document was a section titled "Certification Under Penalty of Perjury[,]" under which was stated "I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct." The form document was signed and dated by Bell, with a notation that his wife's and father's "signatures [are] found on attached affidavit." The additional attachments included: a typed statement from Bell outlining the bases for his petition; a typed statement from Bell's wife; and letters from Bell's father to the Idaho State Bar complaining about the prosecutor and Bell's trial counsel.

After the State filed an answer to the original petition asserting its defenses, the district court appointed Bell post-conviction counsel. Bell's post-conviction counsel filed an amended petition for post-conviction relief ("the amended petition"). On the first page of the amended

3

petition was the following statement: "This Petition is supported by affidavits, filed contemporaneously herewith, as well as Petitioner's original *Petition and Affidavit for Post-Conviction Relief*, incorporated herein by reference." (Italics in original.) After setting forth the general facts and allegations regarding Bell's conviction, the amended petition stated that "the Petitioner seeks post-conviction relief on the grounds of ineffective assistance of counsel." It then set forth the allegations supporting one count of ineffective assistance of counsel. The amended petition alleged that trial counsel was ineffective for: (1) failing to object to joinder of the domestic battery/rape and witness influencing cases; (2) failing to object to trial testimony from the State's expert witness; and (3) failing to move to strike an allegedly biased, seated juror. Attached to the amended petition was Bell's post-conviction counsel's signed affidavit, as well as a copy of the trial transcript and a pretrial document from the State summarizing the expected testimony of its expert witness. Notably, Bell did not sign or otherwise verify the amended petition.

The State subsequently filed an answer to the amended petition, as well as a motion to summarily dismiss it on the "general basis" that it "fail[ed] to raise a genuine issue of material fact" and on the specific ground that the ineffective assistance of counsel claims failed to establish "both deficient performance and resulting prejudice[.]" In its brief in support of its motion, the State first argued the amended petition should be dismissed in its entirety because it was "unverified and unsupported by admissible facts." The State acknowledged that the original petition was attached to the amended petition. However, the State argued the original petition was not supported by any admissible facts that would support Bell's claims in the amended petition because none of the purported affidavits attached to the original petition were signed under penalty of perjury. Thus, the State contended none of these affidavits were verified, and they could not be relied upon to support any of the claims raised in the amended petition. The State also argued that each of Bell's allegations of ineffective assistance of counsel failed as a matter of law because Bell had failed to establish deficient performance or prejudice as required under the standards articulated in *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984), and adopted by this Court in *State v. Mathews*, 133 Idaho 300, 306, 986 P.2d 323, 329 (1999).

In response to the State's motion for summary dismissal, Bell's post-conviction counsel filed a second affidavit in support of the amended petition. In that affidavit, he attested that, prior to filing the amended petition, he sent a verification form to the Idaho Department of Correction ("IDOC") to have Bell verify the amended petition. Bell's post-conviction counsel explained that

4

"[t]he process to have that form signed, notarized, and returned to my office took much longer than expected[,]" and the verification form was not returned to him until after the amended petition was due. Bell's counsel further explained, "As a result of that timing, I included language in the *Amended Petition*, incorporating the original *Petition for Post-Conviction Relief*, which had been verified, by reference." (Italics in original.) He then stated that he had since obtained verification of the amended petition, which he attached as an exhibit. The attached exhibit included a second affidavit from Bell, which detailed his factual allegations regarding the ineffective assistance of counsel claims raised in the amended petition.

Bell's counsel then filed a memorandum in response to the State's motion for summary dismissal. He first argued that the deficiency regarding verification of his amended petition had been cured since he filed the verification form with his second affidavit in support of the amended petition. He also argued he had alleged sufficient, admissible facts that, if true, would entitle Bell to relief on his ineffective assistance of counsel claims, and counsel was "not required to provide legal argument at this stage."

Following a hearing on the matter, the district court issued its written decision granting the State's motion for summary dismissal of Bell's amended petition with prejudice. The district court noted that the amended petition asserted one count of ineffective assistance of counsel that claimed Bell's trial counsel was ineffective in three ways. The district court then concluded that Bell had not provided a sufficient basis to support those claims because he had failed to plead sufficient facts that would demonstrate deficient performance or resulting prejudice under either prong of the *Strickland* test. Regarding Bell's claim that his trial counsel was ineffective for failure to strike the allegedly biased juror, the district court concluded that Bell's "bare" allegations that he informed his trial counsel that he knew the juror and believed she was biased "in no way demonstrated *actual* bias[,]" and "[i]n the absence of some showing that [the juror] was actually biased, it cannot have been ineffective for counsel to leave her on the jury." The district court further concluded that, without evidence demonstrating the juror was actually biased, Bell had also failed to demonstrate resulting prejudice.

Bell timely moved the district court to reconsider its order summarily dismissing the amended petition. He contended the district court committed a procedural error by dismissing his petition without ever "indicat[ing] its intention to dismiss [Bell's] application for post-conviction relief and the reasons for doing so." Specifically, he argued the State did not argue in support of

5

its motion for summary dismissal that the facts contained in Bell's amended petition were insufficient to entitle him to relief. Bell contended the State had only argued that his amended petition was unverified, but the district court did not dismiss it on that ground. Instead, Bell argued the district court dismissed his amended petition on its own, alternative ground that his ineffective assistance of counsel claim was unsupported by legal argument. Thus, Bell argued the district court summarily dismissed his amended petition on what he alleged to be unargued, alternative grounds without twenty days' advance notice, as required under Idaho Code section 19-4906(b). Bell further argued that he had provided legal support for his ineffective assistance of counsel claims, and disputed issues of material facts remained on each of the claims that entitled him to an evidentiary hearing. Importantly, the motion for reconsideration did not mention the claims raised in the original petition.

The district court denied Bell's motion to reconsider. Addressing Bell's argument regarding lack of notice of the reasons for the district court's summary dismissal of his petition, the district court stated it did not "make legal argument on its own" and "the [S]tate *did* make legal arguments" in support of its motion for summary dismissal. (Emphasis in original.) After summarizing the State's arguments, the district court concluded that its reason for dismissal—Bell's failure to present a prima facie case for ineffective assistance of counsel—was the same as the State's position in its motion for summary dismissal. The district court then concluded that "no purpose would be served by any further proceedings" because Bell's claims failed as a matter of law and "no further evidentiary hearing is necessary." Bell timely appealed. His appeal was heard by the Idaho Court of Appeals, which affirmed the district court's denial of Bell's motion to reconsider and the order summarily dismissing Bell's petition for post-conviction relief.

## II.    STANDARDS OF REVIEW

"When addressing a petition for review, this Court will give 'serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court.' " *Rodriquez v. State*, 171 Idaho 634, 641, 524 P.3d 913, 920 (2023) (quoting *Marr v. State*, 163 Idaho 33, 36, 408 P.3d 31, 34 (2017)).

"Post-conviction proceedings are civil in nature and therefore the applicant must prove the allegations by a preponderance of the evidence." *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (*Dunlap VI*) (citing *McKinney v. State*, 133 Idaho 695, 699–700, 992 P.2d 144, 148–49 (1999)). This Court freely reviews the summary dismissal of a petition for post-conviction

6

relief. *Dunlap v. State*, 159 Idaho 280, 294–95, 360 P.3d 289, 303–04 (2015). " 'In determining whether a motion for summary disposition is properly granted,' this Court applies the same standard as the trial court and 'must review the facts in a light most favorable to the petitioner, and determine whether they would entitle petitioner to relief if accepted as true.' " *Id.* at 295, 360 P.3d at 304 (quoting *Charboneau v. State*, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004)). "When a genuine issue of material fact is shown to exist, an evidentiary hearing must be conducted." *Id.* (quoting *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013)). However, "the [C]ourt is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *Id.* (quoting *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008)).

### III.    ANALYSIS

### A.    Bell failed to preserve his lack of notice challenge to the district court's dismissal of his original claims for post-conviction relief.

Section 19-4906(b) of the Idaho Code allows a district court to dismiss a petition for post-conviction relief if the court is satisfied—after reviewing the record and all submitted materials pertaining to the petition—that the petitioner is not entitled to relief. A court may do so based on the State's motion for summary dismissal or it may do so of its own accord. I.C. § 19-4906(b), (c). Pertinent to this case is the twenty-day notice period, which is required when a court intends to dismiss the application of its own accord:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

I.C. § 19-4906(b). The purpose of the twenty-day notice requirement is to provide the petitioner the opportunity to establish a genuine dispute of material fact or address other legal inadequacies identified in the court's notice. *McKinney v. State*, 162 Idaho 286, 293, 396 P.3d 1168, 1175 (2017). "[T]he reason subsection (b) requires the twenty-day notice, but not subsection (c), is because the subsection (c) motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995) (citing *State v. Christensen*,

7

102 Idaho 487, 488, 632 P.2d 676, 677 (1981)). After the State has filed a motion for summary dismissal pursuant to subsection (b), the petitioner is allowed twenty days to respond, which provides the opportunity to establish an issue of material fact. *Id*. Where a trial court dismisses a claim for post-conviction relief on an independent ground that was not argued by the State, the petitioner must be provided with a twenty-day notice period and an opportunity to respond. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010). "Where the dismissal is based upon the grounds offered by the State, additional notice is unnecessary." *Id*.

The district court issued a written decision dismissing Bell's amended petition for post-conviction relief. The district court's decision addressed the three claims for ineffective assistance of counsel set forth in Bell's amended petition, but it did not address the alleged prosecutorial misconduct, actual innocence, or ineffective assistance of counsel claims set forth in Bell's original petition. Bell does not dispute that the district court dismissed all of his claims. His argument is that the district court erred in summarily dismissing the claims he asserted in his original petition for post-conviction relief because he was not provided the required twenty days' notice concerning those claims, which he alleges were incorporated by reference in the amended petition. The State argues Bell has failed to preserve this issue for appeal because he never argued to the district court—either in response to the State's motion for dismissal or in his motion for reconsideration—that the State's motion for summary dismissal failed to provide sufficient notice of the grounds for dismissal of the claims set forth in his original petition. Citing *DeRuché v. State*, 146 Idaho 599, 602, 200 P.3d 1148, 1151 (2009), the State's position on appeal is that Bell's attack on the sufficiency of the notice of the reasons for dismissal in the State's motion cannot be raised for the first time on appeal.

In response, Bell clarifies that he is not attacking the *sufficiency* of the notice. Rather, he contends he had *no* notice at all that the claims asserted in his original petition that were not expressly re-stated in the amended petition—namely, prosecutorial misconduct, actual innocence, and additional allegations of ineffective assistance of counsel—could be dismissed. Because the district court did not provide any reason for dismissal of those claims, or otherwise address them, in its decision granting summary dismissal, it failed to give him notice. Thus, Bell maintains on appeal that his challenge is a *lack of notice*, which this Court has held *can* be raised for the time on appeal. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

"Issues not raised below will not be considered by this [C]ourt on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (citations omitted). This Court has consistently declined to consider arguments on appeal regarding claims that were not asserted to the court below. *See, e.g.*, *State v. Wolfe*, 165 Idaho 338, 341–42, 445 P.3e 147, 150–51 (2019) ("[T]he law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court." (quoting *Weil v. Herring*, 175 S.E. 836, 838 (N.C. 1934))); *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) ("We will not hold that a trial court erred in making a decision on an issue or a party's position on an issue that it did not have the opportunity to address."). "To be clear, both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal." *Gonzalez*, 165 Idaho at 99, 439 P.3d at 1271.

Here, Bell's legal theory on appeal is inconsistent with the legal theory he relied upon before the district court in his motion for reconsideration. After the district court issued its decision granting the State's motion for summary dismissal, Bell filed a motion for reconsideration in which he argued the district court erred in dismissing his ineffective assistance of counsel claims because it did so on grounds other than those offered by the State in its motion for summary dismissal without providing the requisite twenty-days' notice under Idaho Code section 19-4906(b). Specifically, Bell argued the district court "ma[d]e legal argument on its own" to conclude the State is entitled to judgment as a matter of law on Bell's three claims of ineffective assistance of counsel: (1) failure to strike or further inquire into the allegedly biased juror; (2) failure to object to joinder of the two criminal cases; and (3) failure to object to the State's expert testimony—all claims expressly stated in the body of the amended petition. Bell did *not* argue anywhere in his motion to reconsider that he lacked notice of the district court's intention to dismiss the additional claims of prosecutorial misconduct, or actual innocence, or ineffective assistance of counsel asserted in the original petition, the position he now takes on appeal. In fact, Bell did not mention these additional claims in his motion to reconsider *at all*.

If Bell contended the district court had *also* failed to provide notice of its grounds for dismissal of the additional claims he asserted in his original petition, Bell should have presented that argument to the district court when he raised his lack-of-notice challenge in the motion for reconsideration. Bell cannot now mount a new horse and ride off to an appellate court asserting

the contention that additional claims were still at-issue and unaddressed by the district court's decision. Accordingly, Bell has failed to preserve his lack-of-notice challenge for appeal.

Although we could conclude our analysis here, the Court of Appeals, in a footnote, strongly discouraged the practice of incorporating by reference the original petition within an amended petition because it creates confusion and a lack of clarity in the amended petition. We could not agree more.

As we have repeatedly explained, "[a] petition for post-conviction relief is a civil proceeding, governed by the Idaho Rules of Civil Procedure." *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009) (citing *Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008)). Generally, when an amended petition is filed, it supersedes the original, and the original is treated as non-existent. *See Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017).

However, Rule 10(c) of the Idaho Rules of Civil Procedure authorizes a statement from a pleading to be adopted by reference in an amended pleading:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

I.R.C.P. 10(c). This rule must be read in conjunction with section 19-4903 of the Idaho Code, which requires that a petition for post-conviction relief "specifically set forth the grounds upon which the application is based and clearly state the relief desired." I.C. § 19-4903. Other courts interpreting their version of Rule 10 have also held that adoption must be done with specificity and clarity:

> While Rule 10(c) [of the Federal Rules of Civil Procedure] authorizes adoption by reference in later complaints, such adoption must be done with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.
>
> . . . .
>
> While Plaintiffs' adoption clause incorporated "all allegations and prayers" contained within all prior complaints, this, as a practical matter, gives little guidance to the responding party. The fourth complaint filed by Plaintiffs appears to restate Plaintiffs' entire case. In order to be certain not to miss a claim previously alleged, a responding party—not to mention the court—would have to sift through all of Plaintiffs' prior pleadings and compare them with the final complaint line-by-line. In order to avoid this confusion, Plaintiffs simply could have restated their retaliation claim or specifically referred to the prior complaint by stating that "Plaintiffs retain the claims alleged in paragraphs 24 through 27 in their second amending and supplemental complaint."

The court is mindful that Rule 10(c) was adopted to encourage pleadings that are short and free of unneeded repetition. The court does not believe, however, that the drafters intended the rule to allow the use of a sweeping adoption clause which serves as nothing more tha[n] a boiler plate "safety valve." To sanction such an aberrant, error-prone pleading formulation as employed in these pleadings would unnecessarily increase the risks of practicing law. Therefore, the court finds that Plaintiffs' retaliation claim was effectively dismissed because it was not properly incorporated into their final complaint.

*Wolfe v. Charter Forest Behav. Health Sys., Inc.*, 185 F.R.D. 225, 228–30 (W.D. La. 1999). Thus, if a petitioner intends to restate previously asserted claims in an amended petition, the petitioner must actually and specifically restate those claims in the amended petition. Conclusory language that indicates claims from a previous petition are "incorporated" or "restated" in an amended petition, without enumeration or specificity, will not suffice to restate a claim from a previous petition. Post-conviction counsel should pay special heed, because any confusion regarding the claims a petitioner is advancing in an amended petition for post-conviction relief may be construed against the petitioner. *See id.* (holding employees' retaliation claim was effectively dismissed because the catch-all statement in the fourth and final complaint incorporating all allegations from previous versions of the pleadings was not sufficiently clear and specific to re-assert that claim). Finally, if, as counsel for Bell's declaration suggests, the original pleading has exhibits or attachments that are needed for the amended pleading, the petitioner must comply with Idaho Code § 19-4903 and either include those exhibits and/or attachments with the amended pleading or recite why they are not included.

**B.      The district court did not err in summarily dismissing Bell's claim that his trial counsel was ineffective for failing to inquire into the allegedly biased juror.**

Finally, Bell contends that the district court erred by dismissing his claim that his trial counsel was ineffective for "failing to inquire into or move to strike a possibly biased juror from the jury panel." He maintains that he alleged a genuine issue of fact regarding the juror's bias and his trial counsel's effectiveness in handling this issue and argues the district court improperly required him to prove the juror's actual bias at the summary dismissal stage. The Idaho Court of Appeals disagreed. While this Court reviews cases independently of the Court of Appeals, we fully agree with the Court of Appeals' analysis, so we restate it here:

Bell asserted that the juror . . . was purportedly biased because: (1) Bell provided information that led to [the juror's] brother being terminated from his employment; and (2) [the juror] was good friends with one of Bell's prior girlfriends and was partially responsible for the end of the relationship between Bell and the girlfriend.

11

The district court found this was insufficient to allege a genuine issue of material fact as to both deficient performance by counsel and prejudice to Bell, as required by *Strickland*. The district court reasoned that Bell asserted no facts that indicated [the juror] was aware that her brother had been terminated, that Bell had a role in that termination, or that she was biased even if she knew that information. The district court similarly held that Bell failed to provide any evidence that [the juror] knew or remembered anything about Bell's involvement in the breakup or that it caused her to be biased. Ultimately, the district court concluded:

> In the absence of some showing that [the juror] was *actually* biased, it cannot have been ineffective for counsel to leave her on the jury. Additionally, in the absence of admissible evidence that she violated her oath to fairly or impartially consider the evidence, there has been no demonstration of prejudice.

> In order to establish a genuine issue of material fact regarding any prejudice from [the individual] sitting as a juror, Bell was required to make, by way of admissible evidence, a prima facie showing of actual prejudice. He failed to provide any evidence of [the juror]'s knowledge connecting Bell to any of the facts leading to the purported bias. He has similarly failed to produce any evidence that even with that knowledge, [the juror] was actually prejudiced. As a result, Bell has failed to meet the pleading requirements to avoid summary dismissal. Consequently, the district court did not err in dismissing Bell's amended petition for post-conviction relief, [and] the court did not err in denying the motion for reconsideration.

*Bell v. State*, No. 50063, 2024 WL 1651660, at *11 (Idaho Ct. App. Apr. 17, 2024). Accordingly, we hold that the district court did not err in denying the motion for reconsideration.

## IV.    CONCLUSION

For the foregoing reasons, the district court's judgment dismissing the petition for post-conviction relief is affirmed.

Justices MOELLER, ZAHN, MEYER and Justice Pro Tem YEE-WALLACE CONCUR.

12